**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LEON-THOMAS MCBAY, II,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:23-CV-264-L-BK** |
| | § | |
| **NAVY FEDERAL CREDIT UNION, ET AL.,** | § | |
| **DEFENDANTS.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff paid the filing fee, but process has not been served. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE,** *sua sponte*.

**I. BACKGROUND**

On February 6, 2023, Leon-Thomas McBay, a Texas resident, filed a *pro se* complaint against the Navy Federal Credit Union and Mary McDuffie. Doc. 3 at 1. McBay lists various federal criminal statutes but fails to state a cause of action or allege any coherent facts from which the Court can discern a cognizable cause of action. Doc. 3 at 1. He alleges *in toto*:

| | |
|---|---|
| 18 U.S. Code § 241 | Conspiracy against rights |
| 18 U.S. Code § 242 | Deprivation of rights under color of law |
| 18 U.S. Code § 1349 | Attempt and conspiracy |
| 18 U.S. Code § 1028A | Aggravated identity theft |
| 18 U.S. Code § 1344 | Bank fraud |
| 18 U.S. Code § 1341 | Frauds and swindles |
| 18 U.S. Code § 63 | Mail fraud and other offenses |
| 18 U.S. Code § 1951 | Interference with commerce by threats or violence |
| 18 U.S. Code § 1343 | Fraud by wire, radio, or television. |

> See attached completed Private Administrative Procedure/Dispute, Affidavits, Notices and Defaults wherein Defendants have failed to respond said completed Private Administrative Procedure and thus have acquiesed to the commission of all offense listed above as well as those in Private Administrative Procedure/Dispute.

Doc. 3 at 1 (errors in original).

With the complaint, McBay encloses the notices of dispute and blank affidavits he appears to reference in his complaint. Doc. 3 at 2-14. The documents seemingly relate to an auto loan with Defendant Navy Federal Credit Union in Vienna, Virginia. Doc. 3 at 3. Throughout his exhibits, McBay mentions the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Doc. 3 at 5, 9-10, 13. However, in the civil cover sheet, McBay checks the boxes for diversity jurisdiction and for the citizenship of the principal parties. Doc. 3 at 15. As to the latter, he selects the options that plaintiff is a citizen of this state and defendant is incorporated and has principal place of business in another state. Doc. 3 at 15. McBay chooses nature of suit codes: negotiable instrument, recovery of overpayment, truth in lending, and consumer credit. Doc. 3 at 15. He also describes the cause of action as "debt discharge/nondisclosure transaction" and demands $200,000. Doc. 3 at 15.

Upon review, McBay fails to present a cognizable claim. Thus, this action should be sua sponte dismissed for failure to state a claim.

**II. ANALYSIS**

Although McBay paid the filing fee, the Court may exercise its "inherent authority . . . to dismiss a complaint on its own motion . . . 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (quoting, in turn, *Bazrowx v.*

*Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998))). "The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted). "'[F]airness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing sua sponte with prejudice." *Id.* (quoting *Carroll*, 470 F.3d at 1177).

These findings, conclusions, and recommendation (the FCR) provide McBay the requisite notice, and the 14-day period to object to the FCR (explained in more detail below) will allow him an opportunity to respond. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (concluding magistrate judge's recommendation provides both notice and a reasonable opportunity to respond to dispositive issue that the court raises sua sponte); *Starrett v. U.S. Dep't of Def.*, No. 3:18-CV-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018), *R. & R. adopted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir. 2019) (affirming sua sponte dismissal with prejudice under Rule 12(b)(6) based on magistrate judge's recommendation).

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must

be construed so as to do justice."). Even under this most liberal construction, however, McBay complaint should be dismissed because he states no plausible claim for relief.

McBay's pleadings do not rise to the level of "threadbare recitals" of the elements of a cause of action. McBay simply lists federal criminal statutes as the basis for his claims and does not provide any supporting factual allegations. His claims thus lack facial plausibility because there is nothing for the court to draw "reasonable inferences" on and there is no misconduct alleged that Defendants could be held liable for.

Additionally, criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (party who seeks to imply a private right of action bears the burden to show that Congress intended to create one). McBay has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

McBay has therefore failed to state a claim for relief and his complaint should be dismissed. *See* FED. R. CIV. P. 12(b)(6).

**III. LEAVE TO AMEND**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here McBay has failed to state or suggest a

cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is unlikely that, given the opportunity, McBay could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

**IV. CONCLUSION**

For all these reasons, it is recommended that McBay's complaint be sua sponte **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6).

**SO RECOMMENDED** on February 17, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).