IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LEON-THOMAS MCBAY, II,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-264-L-BK** |
| § | |
| **NAVY FEDERAL CREDIT UNION and** § | |
| **MARY MCDUFFIE**, § | |
| § | |
| Defendants. § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4) was entered on February 17, 2023, recommending that the Complaint (Doc. 3) filed by pro se Plaintiff Leon-Thomas McBay, II, ("Plaintiff") be dismissed with prejudice. In the Complaint, Plaintiff sued the Navy Federal Credit Union and Mary McDuffie, asserting a number of criminal statutes related to financial fraud and making references to the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Doc. 3 at 1, 5, 9-10, 13. Plaintiff included with his Complaint notices and blank affidavits that appear to be related to an auto loan with Defendant Navy Federal Credit Union. *Id*. at 3. Plaintiff, however, does not describe the nature of his suit or set forth any factual allegations as to either Defendant. The Report invites Plaintiff to file objections that provide the missing factual allegations and clarify his asserted causes of actions. Despite this invitation, Plaintiff did not file objections to the Report, and the time to do has passed.

Having considered the Complaint, Report, file, and record, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Plaintiff does not set forth any factual allegations that present a cognizable claim. Accordingly, the court **dismisses with prejudice** Plaintiff's claims and this action against the

Order – Page 1

Navy Federal Credit Union and Mary McDuffie for failure to state a claim upon which relief may be granted.

Further, the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff has had ample opportunity to present his factual allegations to the court because he had opportunity to object to the Report and provide the court with factual bases for his allegations. He has failed to present sufficient factual bases for his claims, despite this opportunity to do so, and the court concludes that Plaintiff has stated his "best case." *See Schiller* 342 F.3d at 566. The court therefore determines that permitting further pleading attempts would be an inefficient use of the parties' and the court's resources, cause unnecessary and undue delay, and also be futile. For these reasons, the court will not allow Plaintiff an opportunity to amend his pleading regarding his claims against Defendants Navy Federal Credit Union and Mary McDuffie.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th

**Order – Page 2**

Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 22nd day of March, 2023.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge