IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LEON-THOMAS MCBAY, II,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-264-L-BK** |
| § | |
| **NAVY FEDERAL CREDIT UNION and** § | |
| **MARY MCDUFFIE**, § | |
| § | |
| Defendants. § | |

## **JUDGMENT**

The court issues this judgment pursuant to its Order issued earlier today. It is therefore **ordered, adjudged,** and **decreed** that Plaintiff's Complaint is **dismissed with prejudice** as to his claims and this action against the Navy Federal Credit Union and Mary McDuffie for failure to state a claim upon which relief can be granted. The clerk of court shall transmit a copy of this judgment and a copy of the order dated March 22, 2023, accepting the Findings, Conclusions, and Recommendations of the United States Magistrate Judge, to Plaintiff. The parties shall bear their own costs of court.[*]

**Signed** this 22nd day of March, 2023.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*] Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). In this case, however, Plaintiff, the losing party, is *pro se* and proceeding *in forma pauperis*. He does not have the means to pay costs. Under these circumstances, the court does not believe that the imposition of costs against Plaintiff is warranted.

**Judgment – Solo Page**